# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| HAROLD W. DAVIS, III, | : Case No. 1:25-cv-476 |
| Plaintiff, | : |
| vs. | : District Judge Susan J. Dlott |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| VILLAGE OF GREENFIELD, *et al*. | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION[1]

Plaintiff, a prisoner at the London Correctional Institution (LoCI), in London, Ohio, brings this *pro se* civil rights action against multiple defendants stemming from his February 2024 arrest in Highland County, Ohio. By separate Order, Plaintiff was granted leave to proceed *in forma pauperis*.

This matter is before the Court for a *sua sponte* review of Plaintiff's Complaint. *See* 28 U.S.C. § 1915(e)(2). For the following reasons, the undersigned **RECOMMENDS** the Complaint be **DISMISSED**.

### I. Screening Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fee and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29; *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. And an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Though by the same token, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("[D]ismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim [under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)].").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**II.     Allegations and Parties**

In his Complaint, Plaintiff names eight Defendants:

1. Village of Greenfield
2. Village of Greenfield City Manager
3. Greenfield Police Department
4. Greenfield Police Chief
5. Officer J. Hamilton
6. Officer J. Beatty
7. Highland County
8. Highland County Commissioners

(Doc. 1-1, *PageID* 12).

The gist of Plaintiff's Complaint is that he was unlawfully arrested by Officers Hamilton and Beatty of the Greenfield Police Department in anticipation of an impending grand jury

indictment but prior to the issuance of a warrant for his arrest. (Doc. 1-1, *PageID* 16). Specifically, Plaintiff alleges that on or about February 5, 2024, Officers Hamilton and Beatty arrived at his residence and beat on his front door. When Plaintiff answered, the officers placed him in handcuffs and informed him they had a warrant for his arrest for trafficking in methamphetamine in the vicinity of a school. But Plaintiff contends no such warrant existed at the time, as the Grand Jury had not yet convened. *Id*. at 16. Plaintiff was booked in the Greenfield jail. The next day, Plaintiff appeared before the Highland County Court, which set a $75,000 bond on "purported pending charges." *Id*. Plaintiff claims his arrest prior to the grand jury indictment "amounts to legal kidnapping" by Greenfield police and the Highland County Sherrif's Department. *Id*.

Finally, Plaintiff challenges the investigation and use of a confidential informant in the underlying criminal case. *Id*. at 17.

The Complaint and civil cover sheet fail to request any form of relief as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure.

**III.    Discussion**

For the reasons that follow, the undersigned **RECOMMENDS** the Complaint be **DISMISSED** in its entirety.

A.    *Claims challenging Plaintiff's conviction or sentence*

A federal-court challenge to the validity of a state criminal conviction and sentence must be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Hill v. McDonough*, 547 U.S. 573, 579 (2006); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff's allegations challenging the methods of investigation and use of a confidential informant in his underlying criminal case do just that. By asking this Court to agree that Defendants violated his constitutional rights while investigating his case, Plaintiff is essentially challenging the validity of his conviction.

4

The Supreme Court of the United States has made clear that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser*, 411 U.S. at 488–90). Thus, to the extent Plaintiff seeks relief in the form of an immediate or speedier release from confinement, his sole federal remedy is a petition for a writ of habeas corpus, and after he has exhausted his state remedies. *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). Plaintiff cannot seek or obtain such relief in this civil rights action, and this claim should be **DISMISSED without prejudice**.

      B.     *Village of Greenfield and Highland County, Ohio*

To the extent Plaintiff alleges claims against the Village of Greenfield and Highland County, Ohio, local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *see also J.H. v. Williamson Cty., Tennessee*, 951 F.3d 709, 720 (6th Cir. 2020) (citing *Monell*). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff has not plausibly alleged any such hallmarks of *Monell* municipal liability. Conclusory claims unsupported by specific facts are insufficient to state a

5

plausible claim for relief. *See High v. Silverdal Core Civic of Am.*, No. 1:19-cv-214, 2019 WL 4723803, at *1 (E.D. Tenn. Sept. 26, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. at 681). Thus, Plaintiff's claims against the Village of Greenfield and Highland County, Ohio, should be **DISMISSED** for failure to state a claim.

C.  *Greenfield Police Department*

Plaintiff names the Village of Greenfield Police Department as a Defendant, but only "a person" acting under color of law is subject to suit or liability under 42 U.S.C. § 1983. A municipal police department is not a "person" within the meaning of § 1983. *See Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that a "[p]olice [d]epartment is not an entity which may be sued"); *Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991) (finding that a "[s]heriff's [d]epartment is not a legal entity subject to suit"). Accordingly, Plaintiff's claims against the Greenfield Police Department should be **DISMISSED with prejudice**.

D.  *Lack of personal action*

Plaintiff also names the Village of Greenfield City Manager, the Greenfield Chief of Police, and the Highland County Commissioners as Defendants. To state a claim for relief under § 1983, Plaintiff must allege that each defendant had "personal involvement" in the deprivation of his rights. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). Here, Plaintiff does not personally connect the City Manager, Police Chief, or the Highland County Commissioners to any allegations set forth in the body of the Complaint, and the Complaint sets forth no allegations about their personal involvement in this case. Further, § 1983 does not permit absolute *respondeat superior* liability. Rather, a supervisor may be held liable only where he "encouraged the specific incident of misconduct or in some other way directly participated in it." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

6

Plaintiff has not set forth any plausible allegations that these Defendants encouraged or in some way participated in the alleged misconduct.

Additionally, the Highland County Commissioners do not have supervisory authority over the Village of Greenfield Police Department. *See, e.g., Hunter v. Hamilton Cnty. Bd. Of Commissioners, Ohio*, No. 1:21-cv-544, 2022 WL 22626424, at *3 (S.D. Ohio June 15, 2022) and 2024 WL 1374800 (S.D. Ohio Mar. 29, 2024) (noting that "[c]ase law from and within the Sixth Circuit overwhelmingly supports the conclusion that Ohio law does not grant the Board [of County Commissioners] power or authority over the" sheriff's office or local jail).

Plaintiff's claims against the Greenfield City Manager, the Greenfield Police Chief, and the Highland County Commissioners should be **DISMISSED** for failure to state a claim.

E. *Officers Hamilton and Beatty*

The only remaining Defendants are Officers Hamilton and Beatty. Plaintiff alleges that these Defendants personally subjected him to an unreasonable arrest. But the Complaint fails to set forth any demand for relief in violation of Federal Rule of Civil Procedure 8(a)(3).

District Courts within the Sixth Circuit and Courts in other Circuits have held that a plaintiff's failure to demand any form of relief and thus comport with Rule 8(a)(3), even when proceeding *pro se*, justifies dismissal of the complaint without prejudice under Fed. R. Civ. P. 12(b)(6). *See Adams v. A E Door and Windows*, No. 1:17cv602, 2018 WL 1322240, at *2 (S.D. Ohio Mar. 13, 2018), *report and recommendation adopted,* No. 1:17cv602, 2018 WL 2735527 (S.D. Ohio June 7, 2018) (and noting that "Rule 8(a)(3) 'does not require a party to frame the demand for judgment according to a prescribed form or set of particular words; any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient.'") (quoting 5 Charles Alan Wright, *Federal Practice and Procedure*, § 1255 (3d ed.

2010)). *See also Whitmore v. Mallory*, No. 2:15-cv-2838, 2015 WL 6125360, at *4 (S.D. Ohio Oct. 19, 2015) ("in neglecting to articulate the relief he seeks, plaintiff has failed to satisfy Federal Rule of Civil Procedure 8(a)"), *adopted,* 2015 WL 6955184 (S.D. Ohio Nov. 10, 2015); *Peel v. Woods,* No. 5:15-cv-8, 2015 WL 1223695, at *3-4 (E.D. Ky. Mar. 17, 2015) (dismissing *pro se* plaintiff's complaint without prejudice because it failed to state the type of relief, equitable or otherwise, which he was seeking "so as to give adequate notice to the opposing parties") (collecting cases within the Western and Eastern Districts of Kentucky).

For this reason, it is **RECOMMENDED** that the Complaint be **DISMISSED without prejudice**.

### IV. Conclusion

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be **DISMISSED** because Plaintiff fails to demand any form of relief in violation of Federal Rule of Civil Procedure 8(a)(3).

2. The Court **DISMISS** for failure to state a claim on which relief may be granted all claims against the Village of Greenfield; the Greenfield City Manager; the Greenfield Police Department; the Greenfield Police Chief; Highland County, Ohio; and the Highland County Commissioners.

3. The Court **DISMISS** Plaintiff's claims challenging the validity of his criminal judgment.

October 9, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

8

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).