**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

|  |  |  |
|---|---|---|
| HAROLD W. DAVIS, III, | : | Case No. 1:25-cv-476 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | District Judge Susan J. Dlott |
|  | : | Magistrate Judge Peter B. Silvain, Jr. |
|  | : |  |
| VILLAGE OF GREENFIELD, *et al.* | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**ORDER and REPORT AND RECOMMENDATION[1]**

Plaintiff, a prisoner at the London Correctional Institution, brings this *pro se* civil rights action under 42 U.S.C. § 1983, stemming from his February 2024 warrantless arrest in Highland County, Ohio.  Previously, Plaintiff was granted leave to proceed *in forma pauperis*.  (Doc. 2).

On October 9, 2025, and after screening Plaintiff's original Complaint under 28 U.S.C. § 1915(e)(2), the Undersigned issued a Report and Recommendation recommending Plaintiff's Complaint be dismissed for failure to state a claim on which relief can be granted.  (Doc. 4). Plaintiff filed objections, (Doc. 6), as well as a Response requesting to amend his Complaint in order to clarify issues and dismiss several Defendants.  (Doc. 5).

The Undersigned granted Plaintiff leave to amend and directed him to file the Amended Complaint within twenty-one days.  (Doc. 7).  On March 13, 2026, Plaintiff filed the Amended Complaint, (Doc. 8), followed by a motion to appoint counsel, (Doc. 9).

Plaintiff's Amended Complaint became operative upon filing and supersedes his original Complaint for all purposes.  *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586,

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

589 (6th Cir. 2013); *see also Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009).  Accordingly, the Undersigned's prior recommendation that Plaintiff's original Complaint be dismissed is **VACATED**, and Petitioner's objections to that Report and Recommendation (Doc. 6) are hereby **DENIED as moot.**

This matter is now before the Court for an initial screen of the Amended Complaint, under § 1915(e)(2) to identify cognizable claims and to recommend dismissal of the Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the reasons that follow, Plaintiff may proceed on his Fourth Amendment claim against Defendants Hamilton and Beatty in their individual capacity for money damages.  But the Undersigned **RECOMMENDS** that Plaintiff's official capacity claims for money damages, and his request for release from prison and record expungement, be **DISMISSED**.

## I.  Screening Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fee and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id*.; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke*, 490 U.S. at 328-29; *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest

which clearly does not exist. *Neitzke*, 490 U.S. at 327. And an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Though by the same token, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*.

3

at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.    Allegations and Parties

Plaintiff names Officers J. Hamilton and J. Beatty of the Village of Greenfield Police Department as Defendants. (Doc. 8, PageID 57-58). He alleges Defendants violated his Fourth Amendment rights when they forcefully seized him in the doorway of his home and arrested him without a warrant.

Plaintiff alleges that his residence has an entrance gate and sits back on a hill. *Id*. at 61. On February 5, 2024, Defendants Hamilton and Beatty entered his home's curtilage and beat on his front door. *Id*. When Plaintiff answered, Defendants forcefully "snatched" him from the doorway and handcuffed him. *Id*. at 61, 64. They told Plaintiff they had a warrant for his arrest, but Plaintiff contends no such warrant existed at the time, as the Grand Jury had not yet convened. *Id*. at 61-62. Plaintiff was taken to jail and appeared before the Highland County Court the next day on "pending charges." *Id*. at 61. He was subsequently indicted for trafficking in methamphetamine in a school zone. *Id*. at 61-62.

Plaintiff sues Defendants in their individual and official capacity. As relief, he seeks money damages, release from prison, and expungement of his criminal conviction.

## III.    Discussion

At this preliminary stage of the proceedings, and without the benefit of briefing by the parties, Plaintiff's Fourth Amendment claim for warrantless arrest and seizure will be permitted to proceed against Defendants Hamilton and Beatty in their individual capacity for money damages. *See, e.g., Payton v. New York*, 445 U.S. 573 (1980); *Baillargeon v. Huber*, No. 1:21cv886, 2023 WL 4144733, *7-9 (W.D. Mich. June 23, 2023). The Court advises Plaintiff that this is only a

4

preliminary determination.  The Court has not made a determination as to the merits of the claim being allowed to proceed at this juncture, nor has the Court considered any potential defenses. Defendants are not precluded from filing a motion to dismiss, a motion for a more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure.  *See, e.g., Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at \*3 (D. Neb. Oct. 22, 2020).

However, Plaintiff's official capacity claims for money damages and his requests for release from prison and expungement of his underlying criminal conviction should be dismissed.

A.      *Claims challenging Plaintiff's conviction or sentence*

The Supreme Court has made clear that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90)).  Thus, to the extent Plaintiff seeks relief in the form of an immediate or speedier release from confinement, or the expungement of his underlying criminal case, his sole federal remedy is a petition for a writ of habeas corpus, and after he has exhausted his state remedies.  *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).  Plaintiff cannot seek or obtain such relief in this civil rights action, and his claims for expungement and release should be **DISMISSED**.

B.      *Official capacity claims for money damages*

Suits brought against local officers in their official capacities are treated, "in all respects other than name," as suits against the government entity.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Here, that is the Village of Greenfield.

As a preliminary rule, local governments cannot be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability.  *See*

5

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.  A municipality may, therefore, be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

To state a claim for relief against a municipality under § 1983, Plaintiff must: (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy.  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).  Here, there are no allegations in the Amended Complaint that identify a custom or policy of the Village of Greenfield that caused him injury.  Rather, Plaintiff's allegations center entirely on the actions of Defendants Hamilton and Beatty.  And his conclusory statement that "it is [his] understanding that the village of Greenfield police department has a repeated pattern of these types of violations and actual warrantless arrest[s]," is insufficient to support a plausible § 1983 claim against the Village of Greenfield.  Therefore, it is recommended that Plaintiff's official capacity claims for money damages should be **DISMISSED**.

### IV.  Motion for Counsel

On March 30, 2026, Plaintiff filed a motion for the appointment of counsel.  (Doc. 9).  At this time, the motion for counsel is **DENIED**.

There is no legal or constitutional right to appointed counsel in a civil case.  *Patmon v. Parker*, 3 F.App'x 337, 339 (6th Cir. 2001).  Congress has not provided funds to compensate lawyers who might agree to represent indigent plaintiffs in civil cases, and there are not enough

lawyers who can absorb the costs of representing them on a voluntary basis to allow the Court to appoint counsel for all indigent plaintiffs.  The Court makes every effort to appoint counsel when a case proceeds to trial.  The Court also attempts to appoint counsel at an earlier stage if exceptional circumstances exist.  It does not appear that exceptional circumstances exist at this time, but if the case proceeds past dispositive motions and is headed to trial, Plaintiff may renew his motion.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's official capacity claims for money damages and his request for expungement and release from incarceration be **DISMISSED** for failure to state a claim upon which relief can be granted in this § 1983 action.

**IT IS THEREFORE ORDERED THAT:**

1. The Undersigned's October 9, 2025, Report and Recommendation (Doc. 4) is hereby **VACATED**, and Petitioner's objections to that Report and Recommendation (Doc. 6) are **DENIED as moot**.

2. Plaintiff may **PROCEED** at this juncture on his claims against Defendants Hamilton and Beatty in their individual capacity under the Fourth Amendment for unreasonable seizure and warrantless arrest.

3. The United States Marshal shall serve a copy of the Amended Complaint, summons, and this Order and Report and Recommendation upon Defendants as directed by Plaintiff, with costs of service to be advanced by the United States.

4. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

5. Plaintiff shall inform the Court promptly of any changes in his address.

7

6.      Plaintiff's motion for the appointment of counsel (Doc. 9) is **DENIED without prejudice**.

May 4, 2026                                                           *s/Peter B. Silvain, Jr.*

                                                             Peter B. Silvain, Jr.
United States Magistrate Judge

8

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).