**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| HAROLD W. DAVIS, III,<br><br>Plaintiff,<br><br>vs.<br><br>VILLAGE OF GREENFIELD, *et al*.,<br><br>Defendants. | : | Case No. 1:25-cv-476<br><br>District Judge Susan J. Dlott<br>Magistrate Judge Peter B. Silvain, Jr. |

**ORDER AND SUPPLEMENTAL REPORT AND RECOMMENDATION[1]**

Plaintiff Harold W. Davis, III, a state prisoner who is proceeding *in forma pauperis*, brings this *pro se* civil rights action under 42 U.S.C. § 1983, stemming from his February 2024 warrantless arrest in Highland County, Ohio. This matter is before the Court on Plaintiff's motion for leave to file a Second Amended Complaint, (Doc. 18), as well as his motion to clarify Defendant names and request for a copy of the Second Amended Complaint, (Doc. 21).

**I. Background**

On March 13, 2026, Plaintiff filed an Amended Complaint, (Doc. 8), which became operative upon filing and superseded his original Complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013). On May 4, 2026, and after screening the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Undersigned issued an Order and Report and Recommendation permitting Plaintiff to proceed on his Fourth Amendment claim against Defendants Hamilton and Beatty in their individual capacity for money damages. (Doc. 10, *PageID* 96). The Undersigned recommended that Plaintiff's official capacity claims for

[1] Attached is a NOTICE to the parties regarding objections to this Supplemental Report and Recommendation.

money damages, and his request for release from prison and record expungement, be dismissed. *Id*. at 97-98. Plaintiff filed a Response to the Report and Recommendation, (Doc. 14), as well as Objections, (Doc. 17). Those documents appear to be identical, other than the Certificates of Service. (*See* Doc. 14, dated May 27, 2026; Doc. 17, dated May 30, 2026).

Plaintiff then filed a motion for leave to further amend the Complaint in order to remove his request for record expungement and release from prison from his prayer for relief. (Doc. 18, *PageID* 128). Plaintiff maintains his objection to the Undersigned's recommendation that his official capacity claims for money damages be dismissed. (Doc. 17, *PageID* 124-25).

## II. Plaintiff's Motion for Leave to File a Second Amended Complaint

Under Federal Rule of Civil Procedure 15, a party may amend its pleading "once as a matter of course" before a responsive pleading is served. All further amendments require leave (permission) of Court. *See, e.g., Gaasch v. Stoev*, No. 2:09cv2279, 2010 WL 11598109, at *2 (W.D. Tenn. Dec. 21, 2010). Because Plaintiff has already filed an Amended Complaint, (*see* Doc. 8), leave of court to amend is now required. *Gaasch*, 2010 WL 11598109, at *2. Leave to amend is not automatic and is within the discretion of the Court.

Because leave to amend should be freely given when justice so requires, the Court **GRANTS** Plaintiff's motion for leave to file a Second Amended Complaint, (Doc. 18), in order to amend his prayer for relief.

## III. Screening of Plaintiff's Second Amended Complaint

Now, the Undersigned must determine whether the Second Amended Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

As in the prior versions of his complaint, Plaintiff names Officer Hamilton and Sergeant Beatty of the Village of Greenfield Police Department as Defendants. (Doc. 18, *PageID* 130-31). He alleges Defendants violated his Fourth Amendment rights when they trespassed on his property, entered through a closed gate, reached into the doorway of his home to forcefully seize him, and arrested him without a warrant. *Id*. at 133-35. Plaintiff sues Defendants in their individual and official capacities. He seeks compensatory and punitive damages, as well as a declaration that Defendants violated his Fourth Amendment rights. *Id*. at 136.

At this preliminary stage of the proceedings, and without the benefit of briefing by the parties, Plaintiff's Fourth Amendment claim for warrantless arrest and seizure will be **permitted to proceed** against Defendants Hamilton and Beatty in their individual capacity for money damages. *See, e.g., Payton v. New York*, 445 U.S. 573 (1980); *Baillargeon v. Huber*, No. 1:21cv886, 2023 WL 4144733, *7-9 (W.D. Mich. June 23, 2023). The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claim being allowed to proceed, nor has the Court considered any potential defenses. Defendants are not precluded from filing a motion to dismiss, a motion for a more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

However, Plaintiff's official capacity claims for money damages should be dismissed. Suits brought against local officers in their official capacities are treated, "in all respects other than name," as suits against the government entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). In this case, that is the Village of Greenfield. But local governments cannot be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is

when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality may, therefore, be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

To state a claim for relief against a municipality under § 1983, Plaintiff must: (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Here, there are no plausible allegations in the Second Amended Complaint that identify a custom or policy of the Village of Greenfield that caused Plaintiff injury. Conclusory statements are insufficient to support a plausible claim against the Village of Greenfield, and Plaintiff's official capacity claims for money damages should be **DISMISSED**.

**IV. Motion to Clarify Defendants and for Copy of Second Amended Complaint**

Plaintiff also filed a motion to clarify Defendant names and request for a copy of the Second Amended Complaint. (Doc. 21). The Court **GRANTS** Plaintiff's motion. The Clerk of Court is hereby **DIRECTED** to change the case caption to reflect that Defendant "J. Beatty" is Sergeant Jay Beatty, and Defendant "J. Hamilton" is properly identified as Officer Mark Hamilton. The Clerk of Court is further **DIRECTED** to mail Plaintiff a copy of his Second Amended Complaint, (Doc. 18).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for leave to file a Second Amended Complaint, (Doc. 18), as well as his motion to clarify Defendant names and request for a copy of the Second Amended Complaint, (Doc. 21), are **GRANTED**.

2. Plaintiff may **PROCEED** on his Fourth Amendment claim for unreasonable seizure and warrantless arrest against Defendants Hamilton and Beatty in their individual capacity.

3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by the Court which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

4. Plaintiff shall inform the Court promptly of any changes in his address.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's official capacity claims for money damages be **DISMISSED** for failure to state a claim upon which relief may be granted.

October 22, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).