IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Harold W. Davis, III, | : | Case No. 1:25-cv-476 |
| Plaintiff, | : | |
| v. | : | Judge Susan J. Dlott |
| Village of Greenfield, *et al.*, | : | Order Adopting Report and Recommendation |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's Order and Supplemental Report and Recommendation issued on October 22, 2026. (Doc. 22.) After granting leave for Plaintiff to file a Second Amended Complaint and finding that Plaintiff may proceed on his Fourth Amendment claim for unreasonable seizure and warrantless search against Defendants Officer Hamilton and Sergeant Beatty in their individual capacities, the Magistrate Judge recommended that Plaintiff's official capacity claims against Officer Hamilton and Sergeant Beatty be dismissed.[1] Plaintiff did not file an objection. For the reasons that follow, the Court will

[1] For the sake of completion, the Magistrate Judge ordered:

> 1. Plaintiff's motion for leave to file a Second Amended Complaint, (Doc. 18), as well as his motion to clarify Defendant names and request for a copy of the Second Amended Complaint, (Doc. 21), are **GRANTED**.
> 2. Plaintiff may **PROCEED** on his Fourth Amendment claim for unreasonable seizure and warrantless arrest against Defendants Hamilton and Beatty in their individual capacity.
> 3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by the Court which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.
> 4. Plaintiff shall inform the Court promptly of any changes in his address.

(Doc. 22 at PageID 154–55.)

**ADOPT** the Magistrate Judge's Order and Supplemental Report and Recommendation.[2] (*Id.*)

In his Second Amended Complaint, Plaintiff Harold W. Davis, III names Officer Hamilton and Sergeant Beatty of the Village of Greenfield Police Department as Defendants. (Doc. 18 at PageID 130–31.) He alleges Defendants violated his Fourth Amendment rights when they trespassed on his property, entered through a closed gate, reached into the doorway of his home to forcefully seize him, and arrested him without a warrant. (*Id*. at PageID 133–35.) The Magistrate Judge found that at this preliminary stage of the proceedings, Plaintiff's Fourth Amendment claim for warrantless arrest and seizure will be permitted to proceed against Defendants Hamilton and Beatty in their individual capacities only. (Doc. 22 at PageID 155.) The Magistrate Judge recommended that Plaintiff's official capacity claims for money damages, however, should be dismissed. (*Id*.)

As the Report and Recommendation cites, official-capacity lawsuits generally represent another way of pleading an action against an entity of which an officer is an agent. (*Id*. at PageID 153 (citing *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 690 n.55 (1978).) Local governments cannot be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. (*Id.* (citing *Monell*, 436 U.S. at 691).) "Instead, it is when execution of a government's policy or custom, whether made

---

[2] Also pending is the Magistrate Judge's May 4, 2026 Order and Report and Recommendation. (Doc. 10.) In the May 4, 2026 Order and Report and Recommendation, the Magistrate Judge recommended Plaintiff's official capacity claims and request for expungement and release from incarceration as raised in the Amended Complaint be dismissed. (Doc. 10.) Plaintiff objected, *see* Docs. 14 and 17, but also sought leave to file a Second Amended Complaint, *see* Doc. 18. The Second Amended Complaint is the subject of the October 22, 2026 Order and Supplemental Report and Recommendation, whereas the Amended Complaint is the subject of the May 4, 2026 Order and Report and Recommendation. (*See* Docs. 10, 22.) Because Plaintiff was granted leave to file a Second Amended Complaint, the objections to the May 4, 2026 Order and Report and Recommendation are moot. *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.") The Second Amended Complaint supersedes the Amended Complaint that was the subject of the May 4, 2022 Order and Report and Recommendation. The Court, therefore, **VACATES** the recommendation regarding dismissal of the Amended Complaint in the May 4, 2026 Order and Report and Recommendation. (*See* Doc. 10.)

by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. A municipality may, therefore, be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Magistrate Judge found there are no plausible allegations in the Second Amended Complaint that identify a custom or policy of the Village of Greenfield that caused Plaintiff injury. (Doc. 22 at PageID 155.) On this basis, the Magistrate Judge recommended dismissal of the official capacity claims.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

No objections have been filed to the Magistrate Judge's Order and Supplemental Report and Recommendation recommending dismissal of Plaintiff's official capacity claims for money damages. The Court finds that the Magistrate Judge correctly applied the applicable law. The Court **ADOPTS** the Order and Supplemental Report and Recommendation (Doc. 22) and

dismisses Plaintiff's official capacity claims for money damages from the docket of this Court.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge